United States District Court
Southern District of Texas
**ENTERED**
December 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARANDI TEHRAN STOKES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3761 |
| | § | |
| BLAKE LAMB, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") employees Blake Lamb, Cora K. Sims, Jennifer R. Helm, and Charles L. Johnson. Defendants Sims and Helm filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c) (Docket Entry No. 23) and served plaintiff a copy of the motion at his address of record on March 2, 2023. Plaintiff has not responded to the motion, and the motion is deemed unopposed. Defendants Sims and Helm also filed a motion for summary judgment (Docket Entry No. 33) and served plaintiff a copy of the motion at his address of record on June 16, 2023. Plaintiff has not responded to the motion, and the motion is deemed unopposed.

Having considered the motions, the evidence, the pleadings, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment, **DISMISSES AS MOOT** the motion to dismiss, **DISMISSES** plaintiff's claims against all of the defendants, and **DISMISSES** this lawsuit for the reasons explained below.

## I.  BACKGROUND AND CLAIMS

The record shows that, while plaintiff was operating a commercial washing machine ("Washer #4") in the Estelle Unit laundry room on March 14, 2022, the washing machine door opened and splashed hot water on plaintiff and another inmate, J.Q.  Plaintiff contends that the machine's safety door latch failed to function, allowing the door to open while the washer was in use.  Defendants, on the other hand, contend that plaintiff had failed to ensure that the door safety lock was engaged and that inmate J.Q., who had been cleaning the top of the machine, accidentally opened the washing machine door with his foot.

Plaintiff was transported to the UTMB burn unit at Hospital Galveston, where he was found upon admission to be in stable condition with second-degree burns over 15% of his total body surface area.  (Docket Entry No. 2-1, p. 35.)  He was provided medical care, physical therapy, and occupational therapy.  Plaintiff was discharged sixteen days later without incident and returned to prison with instructions for further care.  He was later found guilty of a prison disciplinary infraction regarding the incident for failing to follow laundry room safety procedures.  (Docket Entry No. 33-1, pp. 27, 29.)

Plaintiff names as defendants Estelle Unit Warden Lamb, Laundry Major Sims, Captain Helm, and Maintenance Supervisor Johnson.  He claims that the defendants knew that the washing machine safety door was faulty, and that they were deliberately indifferent to his safety by assigning him to operate the machine.  He further claims that defendant Helm, who found him guilty of a disciplinary infraction for failing to follow safety

2

procedures regarding the machine, pursued the disciplinary charge in order to protect her co-workers from negligence claims.  As judicial relief, plaintiff asks that his criminal sentence be discharged and that the Court grant any additional relief it deems proper.

## II.  LEGAL STANDARDS

### A.    28 U.S.C. §§ 1915(e) and 1915A

Because plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required to screen the case and dismiss the complaint, in whole or in part, at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).  A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

The dismissal standards for failure to state a claim are the same under section 1915(e)(2)(B)(ii) and FRCP 12(b)(6).  *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).  To survive a dismissal motion a complaint must contain sufficient facts, accepted as true, that support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain "detailed factual allegations" but must state "more

3

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because defendants Lamb and Johnson were not served with process and did not join in the pending motions, the Court will screen plaintiff's claims against them pursuant to sections 1915(e) and 1915A.

B.      FRCP 56

Summary judgment under FRCP 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant satisfies its initial responsibility of showing the absence of a genuine issue of material fact, the burden shifts to the nonmovant to identify specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 106, 323 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The summary judgment process does not involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994). All reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## III.  ANALYSIS

A.    Sovereign Immunity

Plaintiff does not clearly plead whether his claims are against the defendants in their official capacities or individual capacities, nor does he expressly request recovery of monetary damages.  Nevertheless, any claims for monetary damages against the defendants in their official capacities are barred by sovereign immunity and are **DISMISSED WITHOUT PREJUDICE**.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991).

B.    Habeas Relief

As judicial relief in this lawsuit, plaintiff asks that his criminal sentence be deemed discharged.  If granted, the requested relief would result in plaintiff's immediate release from prison.

As an initial observation, the Court notes that plaintiff is currently incarcerated under seven convictions and thirty-year sentences for aggravated robbery with a deadly weapon, a conviction and fifteen-year sentence for burglary of a habitation, and a conviction and twenty-five-year sentence for aggravated robbery.  Public online records for the Texas

Department of Criminal Justice show that his current projected release date is in December 2031.[1]

A release from imprisonment is not available through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent plaintiff seeks his release from incarceration, he fails to state a claim for which relief may be granted under 42 U.S.C. § 1983 and the requested relief is **DENIED**.

C.     Deliberate Indifference

To establish a prison official's deliberate indifference to a prisoner's safety, the prisoner must show that (1) he was incarcerated under conditions that objectively posed a substantial risk of serious harm, and (2) that the defendant official was deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The United States Court of Appeals for the Fifth Circuit has stated that deliberate indifference is "an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

A prison official is deliberately indifferent only if he knows of an excessive risk to an inmate's safety and disregards that risk. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). "The Court made clear that a prison official knows of an excessive risk only if (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists, and (2) he

---

[1]https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06522527 (last visited December 21, 2023).

in fact draws the inference." *Id.* (cleaned up).  That is, a claim for deliberate indifference will only succeed if the facts show that the prison official was subjectively aware of a substantial risk of serious harm to the plaintiff.  *Id.*

Deliberate indifference cannot be inferred from a negligent or even grossly negligent response to a substantial risk of serious harm. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001).  Moreover, prison officials are not liable if (1) they were unaware of even an obvious risk to inmate health or safety; (2) they did not know of the underlying facts indicating a sufficiently substantial danger; (3) they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent; or (4) they knew of a substantial risk to inmate health or safety and responded reasonably to the danger, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844–45.

The probative summary judgment evidence in this case shows that plaintiff was working in the Estelle Unit laundry room on March 14, 2022, operating Washer #4.[2] According to the offense report regarding the incident,

> [Plaintiff] did engage in negligent behavior that resulted in injury.  *[Plaintiff] failed to ensure the washing machine was securely locked before continuing the wash cycle* resulting in burns to [plaintiff] and [inmate J.Q.].
>
> On 3-14-22 at 12:45 p.m., [plaintiff] started the washing machine and shut the door but did not ensure the door lock engaged.  [Inmate J.Q.] was cleaning the

---

[2] Plaintiff reported in one of his grievances that the incident occurred on March 10, 2022. The uncontroverted medical, investigative, and disciplinary records clearly show that the incident took place on March 14, 2022.  This discrepancy does not raise a genuine issue of material fact precluding summary judgment.

> top of the machine and [plaintiff] was cleaning the bottom of the machine.
> *The door to the washing machine came open because it was not locked in*
> *place by [plaintiff]* causing hot water to splash out of the machine causing
> extensive burns.

(Docket Entry No. 33-1, p. 29, emphasis added.) In his witness statement, defendant Johnson

stated that he had put in a work order for the machine and that maintenance cleared it. *Id.*,

p. 39.

A prison emergency action center system incident report, undertaken a few hours after

the incident, noted that inmate J.Q. had climbed on the front-loading washing machine in an

attempt to clean the top of the machine. His foot slipped and hit the safety latch on the

machine door, causing the door to pop open. Both of the inmates were injured by the 165-

degree hot water. *Id.*, p. 8.

A risk management incident review report, completed one week after the incident,

stated the following:

> On March 14, 2022, at 12:30 pm in the Estelle Unit Laundry [inmate J.Q.] did
> climb on the front of Washer #4 in attempt to clean on top of the machine,
> [*sic*] while stepping up his foot hit the latch of the machine causing the door
> to come open and the hot water came out of the washer striking inmate [J.Q.]
> and [plaintiff] who was also in front of the washer bent down cleaning.

(Docket Entry No. 33-1, p. 15.) The report determined that negligence or an unsafe act

contributed to the incident and/or injury, in that "Inmate did not properly secure the washer

door so that the safety lock engaged. Inmate climb [*sic*] on washer while it was running."

*Id.* The report suggested that all inmates and laundry staff be retrained on using laundry

8

equipment and the proper methods and times for cleaning the equipment. *Id.* The report further suggested that disciplinary action be taken against plaintiff and inmate J.Q.

Defendants have presented prison laundry training documentation showing that plaintiff had been trained on procedures and proper use of the laundry room equipment in May 2021. He was specifically trained as a "Job Description: Washing Machine Operator" in July, 2021, eight months prior to the incident. (Docket Entry No. 33-1, p. 19.)

      *i.*    *Defendant Helm*

In support of the motion for summary judgment, defendant Helm submitted an affidavit testifying as follows:

> I am presently employed by the Texas Department of Criminal Justice (TDCJ) where I hold the rank of Major and work at the Estelle Unit. In March 2022, I held the rank of Captain. I have never been assigned to the laundry unit. In March 2022, I had no knowledge regarding the maintenance of the washing machines in the laundry unit. I did not review the work orders. I did not know whether any particular washing machine was working well or having issues. I was not posted to the laundry area. I had no reason to think that [plaintiff] was at any risk related to his work in the laundry area.
>
> I became aware of [plaintiff's] burn injury in March 2022 because I was the hearing officer who conducted the disciplinary hearing that emerged from the incident. As part of the disciplinary process, I spoke to [plaintiff] about the incident. But apart from the disciplinary process, I had no knowledge of what happened or why it happened. I did not have any knowledge of any [*sic*] the underlying facts related to the incident or plaintiff's injury. I did not have any involvement in the events that led to his injury.

(Docket Entry No. 33-1, pp. 4–5.)

Plaintiff presents no probative summary judgment evidence controverting defendant Helm's affidavit testimony, and he raises no genuine issue of material fact precluding the granting of summary judgment. Plaintiff fails to establish that, on March 14, 2022, Helm was aware of facts from which she could infer that a substantial risk of serious harm existed as to plaintiff's use of Washer #4 and that she in fact drew the inference and ignored it. *Farmer*, 511 U.S. at 837; *Adames*, 331 F.3d at 512. Neither plaintiff nor the record shows that Helm was deliberately indifferent to plaintiff's safety on March 14, 2022. Defendant Helm is entitled to summary judgment dismissal of plaintiff's claim for deliberate indifference against her, and the claim is **DISMISSED WITH PREJUDICE**.

To the extent plaintiff claims that Helm pursued the disciplinary charge against him in order to protect her co-workers from negligence claims, plaintiff's claim is conclusory, unsupported in the record, and raises no viable claim for relief under section 1983. Plaintiff must challenge the validity of the disciplinary conviction through a habeas proceeding, not section 1983. Plaintiff's claims against Helm arising from the disciplinary charge and conviction are **DISMISSED WITHOUT PREJUDICE**, subject to being pursued, if at all, in a separate habeas proceeding.

      *ii.*    *Defendant Sims*

Plaintiff also claims that defendant Sims was deliberately indifferent to his safety on March 14, 2022, in allowing plaintiff to operate Washer #4. Plaintiff alleges that Sims knew

that Washer #4 was faulty and that she violated plaintiff's Eighth Amendment protections

by ignoring the risk and allowing plaintiff to operate the machine.

Defendant Sims submitted an affidavit in support of the motion for summary

judgment, testifying as follows:

> I am presently employed by the Texas Department of Criminal Justice (TDCJ)
> where I hold the rank of Major. In March 2022, I worked at TDCJ's Estelle
> Unit, and I still work at the Estelle Unit today. As part of my employment with
> TDCJ, I am familiar with the washing machine units at the Estelle Unit and
> their use, including by inmates ("operators"). Operators are expected to check
> the washing machine doors to ensure that they are securely locked before using
> the washing machines. Operators are supposed to test-pull on the door after
> it is closed to make sure that the door is not only physically shut, but also that
> it is locked and not capable of reopening without human intervention.
> Operators receive training on how to safely use the washing machines.
>
> When it comes to the equipment at the Estelle Unit, I rely on the Maintenance
> employees in TDCJ's Facilities Division to tell me if and when equipment is
> safe to use. On March 14, 2022, I was aware that the washing machine whose
> use resulted in [plaintiff's] burn injury (Washer #4) had recently had a work
> order placed on it. But I was also aware that the work order had been
> completed and that Maintenance had cleared the machine for use. When a
> machine is not ready for use, Maintenance puts a red tag on the machine.
> There was no such tag on Washer #4. To the best of my knowledge at the
> time, the machine was working properly and had no issues that would prevent
> its safe use. I was unaware of any risk posed to [plaintiff] or anyone else by
> him [sic] operating Washer #4 on March 14, 2022, so long as normal safety
> precautions were taken, and the machine operated appropriately.
>
> To the best of my knowledge, both at the time and now, [plaintiff's] injury was
> caused by the inmate's improper use of Washer #4. Specifically, [plaintiff]
> failed to ensure that the safety latch on the door to Washer #4 was properly
> engaged. If he had given the door a test-pull, he would have realized that the
> door was not properly latched. Additionally, another inmate was cleaning the
> top of the machine while it was in use. When that inmate's foot (or leg) hit the
> washing machine's door handle, it caused the machine to pop open. *To the*

11

> *best of my knowledge, both at the time and now, it was the combination of [plaintiff's] failure to latch the door properly and the other inmate cleaning the machine while it was still in use that caused the door to open and [plaintiff's] injury.*

(Docket Entry No. 33-1, pp. 2–3, emphasis added.)

Plaintiff presents no probative summary judgment evidence controverting defendant Sims's affidavit testimony, and he raises no genuine issue of material fact precluding the granting of summary judgment. Plaintiff fails to establish that, as of March 14, 2022, Sims was aware of facts from which she could infer that a substantial risk of serious harm existed as to plaintiff's use of Washer #4 and that she in fact drew the inference and ignored it. *Farmer*, 511 U.S. at 837; *Adames*, 331 F.3d at 512. To the contrary, the probative summary judgment evidence and testimony show that plaintiff did not operate the machine properly in that he failed to latch and test the door prior to operating the machine. Moreover, plaintiff presents no probative summary judgment evidence establishing that Washer #4 was faulty on March 14, 2022. Neither plaintiff nor the record shows that Sims was deliberately indifferent to plaintiff's safety on that date.

Defendant Sims is entitled to summary judgment dismissal of plaintiff's claim against her for deliberate indifference, and the claim is **DISMISSED WITH PREJUDICE**.

### D.    Claims Against Lamb and Johnson

Plaintiff claims that defendants Lamb and Johnson were deliberately indifferent to his safety in ordering or allowing him to operate the washing machine when they knew the safety

door was faulty. These two defendants have not been served, have not filed an answer or otherwise made an appearance,[3] and have not independently sought dismissal of plaintiff's claims against them. Nevertheless, plaintiff's factual allegations fail to raise a viable claim for relief against them under section 1983 and plaintiff's claims against them will be dismissed without prejudice.

      i.     *Defendant Lamb*

In his complaint, plaintiff asserts that Warden Blake Lamb "is head supervisor of Estelle and has to know of audit each year & unit." (Docket Entry No. 1, p. 3.) He further alleges in his memorandum of law that Lamb "had an obligation to ensure safety of prisoners yet he too covered [*sic*] the negligence and harm came to plaintiff." (Docket Entry No. 2, p. 2.) He further asserts that Lamb "allowed" the other officers to bring disciplinary charges against plaintiff "to cover [sic] negligence of a faulty machine." *Id.*, p. 3.

Plaintiff's allegations fail to raise a viable claim against Lamb for deliberate indifference to plaintiff's safety. Plaintiff fails to plead factual allegations sufficient to show that, on March 14, 2022, Lamb was aware of facts from which he could infer that a substantial risk of serious harm existed as to plaintiff's use of Washer #4 and that he in fact drew the inference and ignored it. *Farmer*, 511 U.S. at 837; *Adames*, 331 F.3d at 512.

---

[3]The Office of the Attorney General for the State of Texas, as *amicus curiae*, notified the Court that it was unable to obtain authorization from Lamb and Johnson to represent them in this lawsuit. (Docket Entry No. 17.)

Moreover, plaintiff's challenges to the validity of the disciplinary charge and conviction fail to raise a viable claim for relief under section 1983. Such claims must be pursued, if at all, in a separate habeas proceeding.

Plaintiff's claims against defendant Lamb are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

     *ii.*    *Defendant Johnson*

In his complaint, plaintiff asserts that Maintenance Supervisor III Charles L. Johnson "knew washer was faulty, he knew 8884 work log was filed on machine." (Docket Entry No. 1, p. 3.) No additional factual allegations as to Johnson are presented in the memorandum of law.

The record shows that, in his witness statement, defendant Johnson stated that he had put in a work order for the machine and that "maintenance cleared it." (Docket Entry No. 33-1, p. 39.) Moreover, plaintiff fails to plead factual allegations demonstrating that, in operating Washer #4 on the day of the incident, he had latched the door properly and performed the required test-pull procedure before engaging the machine. Plaintiff's allegation that Washer #4 was "faulty" on the day of the incident is a conclusory assertion unsupported by factual allegations sufficient to raise a viable claim against Johnson for deliberate indifference.

14

Plaintiff fails to plead factual allegations sufficient to demonstrate that, on March 14, 2022, Johnson was aware of facts from which he could infer that a substantial risk of serious harm existed as to plaintiff's use of Washer #4 and that he in fact drew the inference and ignored it. *Farmer*, 511 U.S. at 837; *Adames*, 331 F.3d at 512.

Plaintiff's claims against defendant Johnson are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

E.    Qualified Immunity

When, as here, defendants assert entitlement to qualified immunity in a summary judgment motion, "the burden then shifts to the plaintiff, who must rebut the defense." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To overcome qualified immunity, plaintiff must show that defendants violated his constitutional rights and that the rights were clearly established at the time of the alleged misconduct. *Cleveland v. Bell*, 938 F.3d 672, 675–76 (5th Cir. 2019).

Plaintiff fails to show that defendants Sims and Helm subjectively drew an inference that Washer #4 posed a substantial risk of serious harm to him on March 14, 2022. He therefore fails to show the requisite deliberate indifference. Because no constitutional violation is established, defendants are entitled to qualified immunity.

Plaintiff's claims for deliberate indifference against defendants Sims and Helm are **DISMISSED WITH PREJUDICE** as barred by qualified immunity.

F.      Texas Tort Claims Act

It is unclear whether plaintiff intended to raise claims against the defendants in their individual capacities under the Texas Tort Claims Act.  To the extent that he intended to plead such claims, this Court declines to exercise its supplemental jurisdiction over the claims, as it has dismissed all of plaintiff's federal claims over which it has subject matter jurisdiction.  Accordingly, plaintiff's claims against the defendants in their individual capacities under the Texas Tort Claims Act are **DISMISSED WITHOUT PREJUDICE**.

## IV.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.      Defendants' motion to dismiss (Docket Entry No. 23) is **DISMISSED AS MOOT**.

2.      Defendants' motion for summary judgment (Docket Entry No. 33) is **GRANTED**.

3.      Plaintiff's claims for monetary damages against the defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE**.

4.      Plaintiff's claims against the defendants under the Texas Tort Claims Act are **DISMISSED WITHOUT PREJUDICE**.

5.      Plaintiff's claims against defendants Lamb and Johnson are **DISMISSED WITHOUT PREJUDICE**.

6.      Plaintiff's claims for deliberate indifference against defendants Helm and Sims are **DISMISSED WITH PREJUDICE**.

7.      Plaintiff's claims challenging the validity of his prison disciplinary charge and conviction are **DISMISSED WITHOUT PREJUDICE**.

8.      Plaintiff's request for release from prison is **DENIED**.

9.      Any and all other pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the ⟶22nd⟵ day of December, 2023.


_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

17